# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

FEB 1 9 1999

ROBERT M. MARCH
CLERK

DOMENIC M. STRAZZULLA,

    Plaintiff,

v.    No. CIV-98-0993 MV/LCS

JOE R. WILLIAMS, WARDEN,
LT. \_\_\_ ESTES,
LT. \_\_\_ SANCHEZ,
CORRECTIONAL OFFICER MARGARET SMITH,
LT. JOE GARCIA,
CLASSIFICATION OFFICER JACK MILLER,
SEVERAL UNKNOWN NAMED JOHN
DOES RESPONSE TEAM OFFICERS,
AND UNKNOWN NAMED JOHN DOE #1 AND #2,
AND CORRECTIONAL MEDICAL SERVICES, ET AL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be



futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint first alleges that certain items of Plaintiff's personal property were not returned by the Doe Defendants after a search of his cell. Later, following a misconduct report by Defendant Smith, Defendant Estes handcuffed Plaintiff, and Defendants Sanchez and certain unknown Response Team officers used excessive force in an unjustified assault upon Plaintiff. Plaintiff was denied medical treatment by Defendant Correctional Medical Services following the assault. Subsequently, he was verbally abused and given a false disciplinary report by Defendant Miller when he complained about not receiving a piece of mail. Defendant Warden Williams allegedly refused to intervene and prevent these abuses. The New Mexico Department of Corrections (named in the text of the complaint) is allegedly the "moving force" behind the abuses and fails to train and supervise its employees. No allegations are made against named Defendant Garcia. All Defendants are sued in their individual and official capacities. Plaintiff seeks damages and expunction of his prison disciplinary records.

The claim for loss of personal property will be dismissed. Resolution of this claim is governed by the Supreme Court's holdings in *Parratt v. Taylor*, 451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517, 534 (1984), which addressed the elements necessary to sustain a claim that the State has deprived an inmate of property without due process. In *Parratt* and *Hudson*, the Supreme Court held that where a pre-deprivation hearing was impossible or impractical because the

State could not control the random actions of state employees in losing or destroying property, the deprivation of property was not complete until the State failed or refused to provide an adequate post-deprivation remedy. Here, as in *Hudson*, 468 U.S. at 534, state tort remedies are available to redress the deprivation, and thus due process was not violated even if the deprivation was intentional.

Plaintiff's allegations against Defendant Miller for verbal abuse do not support a claim under § 1983. The general rule in the usual case is that mere words, without more, do not invade a federally protected right. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (idle threats of violence do not rise to the level of an Eighth Amendment violation); *see also Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.) (finding curses or verbal abuse by prison staff not a constitutional violation), *aff'd*, 917 F.2d 1302 (Table, text in Westlaw),1990 WL 174653 (4th Cir. 1990); *cf. Brown v. Croce*, 967 F. Supp. 101, 104 (S.D.N.Y. 1997) ("racial slurs ... cannot form the basis of a claim under § 1983"). Additionally, Plaintiff's allegations of a false disciplinary report do not support his claim for expunction of disciplinary records. *Cf. Wolff v. McDonnell*, 418 U.S. 539, 573-74 (1974); *see also Shimabuku v. Britton*, 503 F.2d 38, 44 (10th Cir. 1974); *and cf. United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (arrest record will not be ordered expunged except in extreme circumstances). These claims will be dismissed.

Plaintiff's claims against Defendants Garcia, Warden Williams, and New Mexico Department of Corrections will also be dismissed. The complaint contains no allegations against Defendant Garcia, and the allegations against Defendant Williams do not affirmatively link him to the various violations. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the

constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Mitchell*, 80 F.3d at 1441. The allegations against the Department of Corrections are conclusory and without any factual support. Accordingly, Plaintiff's claims against Defendants Garcia, Warden Williams, and New Mexico Department of Corrections shall be dismissed for failure to state a claim upon which relief can be granted.

As noted above, all Defendants are sued in their official capacities. Damages claims against Defendants in their official capacity as employees or officials of the State of New Mexico are equivalent to a suit against the State itself, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and are barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Plaintiff's claims against Defendants in their official capacity will be dismissed as frivolous.

Partial judgment on Plaintiff's claims will be entered in favor of Defendants Williams, Smith, New Mexico Department of Corrections, Garcia, and Unknown Named John Doe #1 and #2, and in favor of Defendants Sanchez, Estes, and Miller in their official capacities. Because these Defendants are no longer named parties, dismissal of claims against them is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's claims for verbal abuse against Defendant Miller and for expunction of disciplinary records are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Williams, Smith, New Mexico Department of Corrections, Garcia, and Unknown Named John Doe #1 and #2, and against Defendants Sanchez, Estes, and Miller in their official capacities, are DISMISSED in their entirety; these Defendants are DISMISSED as parties to this action; and it is EXPRESSLY DIRECTED that judgment be entered in favor of these Defendants; a form of judgment shall be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses for Defendants Sanchez, Estes, Correctional Medical Services, and Miller in their individual capacities; and Plaintiff shall be allowed a reasonable time to identify Response Team Defendants.

_____
UNITED STATES DISTRICT JUDGE